UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MATTIE CONDON, ET AL | : | NO.: 3-23-CV-00695-VDO |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF BROOKFIELD, et al | : | SEPTEMBER 3, 2024 |

## **MOTION FOR PROTECTIVE ORDER**

The undersigned defendant, Steven Rountos, pursuant to Rule 26(c) files the instant motion for protective order with regard to Plaintiff's First Set of Interrogatories and Requests for Production Dated November 27, 2024.

By way of background, Mr. Rountos is currently a defendant in a pending parallel state criminal case, the facts of which overlap with the instant civil action. Plaintiffs initially served the defendant Rountos with a First Set of Interrogatories and Requests for Production on or about November 27, 2024. In addition, Mr. Rountos has potential exposure to a federal criminal prosecution. On or about January 29, 2024 Mr. Rountos asserted objections to the discovery based, in part, on the fact that he is a defendant in an ongoing state criminal proceeding and the discovery sought seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth and Fourteenth Amendments of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter. A copy of the defendant's objections are

attached hereto as **Exhibit A.**

On August 7, 2024 and August 26, 2024, Attorney Catherine Keenan, counsel for the plaintiffs, and the undersigned spoke telephonically to confer on the discovery objections. While the parties did attempt to narrow the scope of the controversy, Mr. Rountos seeks to stand on all of his previously-asserted objections. As such, the defendant now seeks the issuance of a protective order to preclude the defendant, Mr. Rountos, from responding to written discovery until his pending parallel criminal matter has resolved.

Pursuant to Rule 26(c) and Local Rule 37, on August 7, 2024 and August 26, 2024, the undersigned spoke with Attorney Keenan telephonically to confer on the issues raised in this motion in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. Despite such attempts, the parties were unable to come to an agreement on the issues raised in this motion. An affidavit from the undersigned is attached as **Exhibit B**. Therefore, judicial intervention is warranted at this juncture.

I.   **BACKGROUND**

The instant action stems from injuries allegedly sustained by the plaintiffs in connection with the alleged theft and illegal dissemination of their nude images. The plaintiffs commenced the instant action against the Town of Brookfield, Brookfield Police Department, Brookfield Board of Education, James Purcell, Kelsey Sullivan,

John Barile, Marc Balanda, Jules Scheithe, Tom McMorran and Steven Rountos in the United States District Court for the District of Connecticut.[1]

As it relates to Steven Rountos, the plaintiffs have asserted the following claims: 42 U.S.C. § 1983 Due Process Violation as well as state-law claims for Invasion of Privacy, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress.

## II.   LAW AND ARGUMENT

### A.   The Interests of Justice Require the Entry of a Protective Order

It is well-settled that a district court has the discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). "This authority allows a court to 'stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action.'" Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002) (quoting Securities & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.1980) (en banc)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). "Although a stay of civil proceedings pending the outcome of related criminal proceedings is not

---

[1] The claims against Mr. Rountos are the sole remaining claims in this action following the Court's

constitutionally required, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." Tyson v. Alvarez, No. 3:17-CV-731 (JCH), 2018 WL 5961425, at *2 (D. Conn. Nov. 14, 2018)(internal citation and quotation marks omitted).

When deciding on whether to impose a stay of discovery, "the court must balance the interests of the litigants, nonparties, the public and the court itself." Bridgeport Harbour Place I, LLC, at 8. Generally, the six factors Federal district courts weigh when determining whether to stay civil proceedings include:

> (1) the extent to which the issues in the criminal case overlay with those in the civil case; (2) the status of the [criminal] case ...; (3) the private interest of the plaintiff[ ] in proceeding expeditiously weighed against the prejudice to plaintiff[ ] caused by the delay; (4) the private interests of and the burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Tyson v. Alvarez, No. 3:17-CV-731 (JCH), 2018 WL 5961425, at *2 (D. Conn. Nov. 14, 2018); See Bridgeport Harbour Place I, LLC, at 8; and In re Bolin & Co., LLC, No. 3:08CV1793 SRU, 2012 WL 3730410, at *2 (D. Conn. June 27, 2012).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and

---

recent granting of the Town defendants' motion to dismiss. [Doc. 11]

what degree of protection is required." <u>Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L. Ed. 2d 17 (1984)</u>, 467 U.S. 20, 36 (1984). "That said, a court may issue a protective order only after the moving party demonstrates good cause." (internal citation omitted) <u>Trella v. Wal-Mart Stores, Inc.</u>, No. 3:15CV01211(AWT), 2017 WL 5160686, at *2 (D. Conn. Nov. 7, 2017).

As noted by the Court in <u>Haidon v. Town of Bloomfield</u>, 552 F. Supp. 3d 265, 269 (D. Conn. 2021):

> At least in this Circuit, district courts have not fully settled on a test for evaluating what may amount to "good cause" under Rule 26(c). *See Schoolcraft v. City of New York*, 2013 WL 4534913, at *3 (S.D.N.Y. Aug. 27, 2013) (describing "a split within the district courts of this Circuit as to the showing necessary to establish that good cause exists"). "Some courts have held that the party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection, and thus broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.* (citing *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). "Other courts, however, have dispensed with the specificity requirement, only demanding that the moving party show good cause." *Id.* (citing *Topo v. Dhir*, 210 F.R.D. 76, 77 (S.D.N.Y. 2002)) (cleaned up).
>
> <u>Haidon v. Town of Bloomfield</u>, 552 F. Supp. 3d 265, 269 (D. Conn. 2021)

Here, good cause exists under either viewpoint for the entry of a protective order with respect to written discovery propounded in this civil case. Requiring Mr. Rountos to respond to discovery in this civil matter while his state criminal matter is pending will be prejudicial as the information and materials sought may violate the defendant's rights against self-incrimination under the Fifth and Fourteenth Amendments of the Federal Constitution and/or Article I, Section 8 of the Connecticut

Constitution. Should Mr. Rountos be forced to assert his Fifth and Fourteenth Amendments and/or Article I, Section 8 privileges, a negative inference may be drawn from the invocation of such rights at the expense of his defense in the civil matter. Under either scenario, Mr. Rountos's defense will suffer substantial prejudice.

Our courts, recognizing this conundrum, have resolved that in such scenarios, a defendant's Fifth Amendment privileges trumps a plaintiff's interest in the expeditious resolution of his/her case. See, Bridgeport Harbour Place I, LLC, at 9 ("While plaintiff does have a legitimate interest in the expeditious resolution of its case, courts frequently allow other factors, such as a party's Fifth Amendment privilege…to trump a plaintiff's interest." (Internal citation and quotation marks omitted)); Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)(Plaintiff's interests "are trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case."); Arden Way Assocs. v. Boesky, 660 F.Supp. 1494, 1498 (S.D.N.Y.1987) ("Where invocation of the fifth amendment imposes undue sanctions or penalties on a defendant, a court may in its discretion stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the furtherance of the interests of justice."); In re Bolin & Co., LLC, No. 3:08CV1793 SRU, 2012 WL 3730410, at *3 (D. Conn. June 27, 2012)(Recognizing that typically "the concern is that a defendant in a civil action who is also the subject of criminal charges will face the 'Hobson's choice' of making potentially incriminating admissions

during discovery or asserting his Fifth Amendment rights and losing his case." (internal citation omitted)).

Here, Mr. Rountos will suffer extreme prejudice should he be required to respond to written discovery in the civil case while the parallel state criminal matter remains pending. As such, the interests of justice require that the protective order issue precluding Mr. Rountos from responding to written discovery until such time as his parallel state criminal matter has resolved.

### III. CONCLUSION

In light of these factors, good cause exists for the entry of a protective order preluding Mr. Rountos from responding to Plaintiffs' First Set of Interrogatories and Requests for Production until such time as his parallel state criminal matter has resolved.

WHEREFORE, the undersigned defendant, Steven Rountos, respectfully requests that the Court grant his Motion for Protective Order as set forth herein.

DEFENDANT,
STEVEN ROUNTOS


By /s/ Kristan M. Jakiela
   Katherine E. Rule
   ct ct27360
   Kristan M. Jakiela
   ct31170
   Howd & Ludorf, LLC
   100 Great Meadow Road, Suite 201
   Wethersfield, CT 06109
   (860) 249-1361
   (860) 249-7665 (fax)
   KRule@hl-law.com
   KJakiela@hl-law.com

**CERTIFICATION**

This is to certify that on September 3, 2024, a copy of the foregoing Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Phillip Russell, Esquire | Beck S. Fineman, Esquire |
| Catherine Keenan, Esquire | Ryan, Ryan & Deluca, LLP |
| Phillip Russell, LLC | 1000 Lafayette Boulevard, Suite 800 |
| 1 River Road | Bridgeport, CT 06604 |
| Cos Cob, CT 06807 | |

      /s/ Kristan M. Jakiela_____
Kristan M. Jakiela