# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTIE CONDON<br>JADEN LOSADA,<br>Plaintiffs,<br>:<br>v.<br>:<br>:<br>TOWN OF BROOKFIELD;<br>BROOKFIELD POLICE DEPARTMENT<br>BROOKFIELD BOARD OF EDUCATION<br>JAMES PURCELL, KELSEY SULLIVAN,<br>STEVEN ROUNTOS, JOHN BARILE,<br>MARC BALANDA, JULES SCHEITHE,<br>TOM McMORRAN.<br>Defendants. | : NO.: 3:23-CV-00695-AWT<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JANUARY 29, 2024 |

**DEFENDANT, STEVEN ROUNTOS'S, OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED NOVEMBER 27, 2024**

Pursuant to Fed. R. Civ. P. 33 and 34, the defendant, Steven Rountos, hereby objects to plaintiff's first set of interrogatories and requests for production as follows.

**PRELIMINARY INSTRUCTIONS AND DEFINITIONS**

In answering these interrogatories and requests for production, furnish all information available to the Plaintiffs including information in the possession of their attorneys, their investigators and all persons acting on their behalf. If you cannot answer the interrogatories or request for production in full after exercising due diligence to secure the information, so state and answer to the extent possible specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

If the Defendant refuses to answer and/or objects to any interrogatory in whole or in part,

1

describe the basis for the refusal or objection in detail sufficient to permit the Court to adjudicate the validity of such refusal or objection.

The interrogatories and requests for production which follow are to be considered continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may thereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories and requests for production. Such supplementary responses are to be filed and served upon counsel for Plaintiff within ten (10) days after plaintiffs know, or should know, of such information.

With respect to documents produced in response to Requests for Production, please, pursuant to Fed. R. Civ. P. 34(b)(2)(i), indicate, by BATES number or equivalent alternative, which documents are responsive to which Requests for Production.

As used herein, the following terms shall have the meaning indicated below:

## DEFINITIONS

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" means any writing, drawing, graph, chart, photograph, sound recording, image, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, defined as "information that is stored in an electronic medium and is retrievable in perceivable form," unless otherwise specified by the requesting party.

3. Identify (With Respect to Persons). When referring to a person, to "identify" means

to provide, to the extent known, the person's full name, and present or last known address and telephone number. If referring to a natural person, provide the present or last known place of employment; present or last known job title; and relationship, if any, to the plaintiffs or defendant. Once a person has been identified in accordance with this subdivision, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (With Respect to Documents or Electronically Stored Information). When referring to documents or electronically stored information, to "identify" means to provide, to the extent known, information about the: (i) type of document or electronically stored information; (ii) its general subject matter; (iii) the date of the document or electronically stored information; and (iv) author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or alternatively, to produce the document.

5. Identify (With Respect to Oral Communications). When referring to an oral communication, to "identify" means: (i) to state the date and place of the oral communication; (ii) to identify all persons hearing, present or participating in the communication; (iii) to state whether the communication was in person, by telephone, or by some other means or medium; (iv) to summarize what was said by each such person, or provide a transcript if one is available.

6. Identify (With Respect to an Act or Event). When referring to an act or event, to "identify" means: (i) to describe the act or event, including its location and its date; (ii) to identify the persons participating, present or involved in the act or event; (iii) to identify all oral communications which were made at the act or event identified; and (iv) to identify all documents concerning the act or event identified.

7. Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

8. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

9. You. The term "you" means the party or person(s) to whom a discovery request is directed, except that: (i) if the party is the representative of the estate of a decedent, ward, or incapable person, "you" shall also refer to the party's decedent, ward or incapable person, unless the context of the discovery request clearly indicates otherwise.

10. Other similarly situated individuals. The phrase "other similarly situated individuals" means an employee who is directly comparable in all material respects.

11. Complaint. The term "Complaint" shall refer to the Complaint filed in the United States District Court District of Connecticut on May 30, 2023, designated by Civil Action No. 3:23-cv-00695-AWT.

12. Relevant period. The term "relevant period" shall refer to January 1, 2013 to present.

The following rules of construction apply to all discovery requests:

1. All/Each. The terms "all" and "each" shall both be construed as all and each.

2. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3. Number. The use of the singular form of any word includes the plural and vice versa.

4. Gender. Unless the context clearly requires otherwise, the use of any pronoun or gender-identified form of any word includes both the male and female genders.

## INTERROGATORIES

## GENERAL OBJECTIONS

1. By objecting to these Interrogatories, this defendant does not in any way adopt plaintiffs' purported definitions of words and phrases contained in their Interrogatories. Defendant objects to these "Definitions" to the extent that they are inconsistent with (a) the definitions set forth by the defendants in their responses, (b) the ordinary and customary meaning of such words and phrases, or (c) the definitions delineated in the Federal Rules of Civil Procedure or any other applicable discovery rules. Similarly, the defendant objects to plaintiffs' purported "Instructions" to the extent it attempts to impose upon the Defendant any obligation broader than, or inconsistent with, the Federal Rules of Civil Procedure, any other applicable discovery rules, or common law.

2. This defendant does not admit, adopt, or acquiesce in any factual or legal contention, presumption, assertion, or characterization contained in these Interrogatories and Requests for Production.

3. These general objections are incorporated by reference into each specific response or objection made by this defendant to plaintiffs' Interrogatories and/or Requests for the Production of Documents, and any assertion of the same, similar, or additional objections or the provision of subsequent responses or partial responses to these Interrogatories does not waive any of the general objections set forth herein.

Notwithstanding and without waiving the foregoing general objections, which apply to all Interrogatories, this defendant responds to the individual Interrogatories and Requests for Production as follows:

1. Identify each person whom you believe has knowledge of facts supporting or contradicting the allegations in the Complaint and describe such knowledge in detail, including, without limitation, the date(s) on which and the method by which such knowledge was acquired, and the substance of the facts known to each person identified.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad and which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects to this Interrogatory insofar as it requires the defendant to disclose information which is protected from disclosure in accordance with the attorney-client privilege and/or attorney work-product. The defendant also objects insofar as the Interrogatory seeks information within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney**

5

**work-product in relation to the criminal matter.**

2. Identify all communications between any of the Plaintiffs and any of the Defendants, including any agent or employee thereof, that in any way pertain to, relate or concern any of the allegations in the Complaint.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Interrogatory seeks information within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

3. Please identify each expert witness you intend on calling at trial and for each, please state the subject matter upon which each such expert is expected to testify.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

4. Please identify all of the training that YOU received from the Brookfield Police Department concerning the expectations, rules, regulations, ethical standards and any other special procedures regarding school aged children.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as the terms "expectations," "rules," "regulations," "ethical standards" and "special procedures" are vague. The defendant also objects as this Interrogatory is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the**

defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.

5. Identify all documents concerning any investigation by the Town of Brookfield and/or its Board of Education into YOUR conduct while he acted as a School Resource Office.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects as this Interrogatory is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

6. Identify all documents or materials, including, without limitation, electronic materials given or provided to the Department of Homeland Security concerning You or claims asserted in the Complaint.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

7. Identify all communications YOU had with the Department of Homeland Security concerning.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or**

**Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

8.  Identify the name, IP address, make/model, and any other identifying information for the computer used by Officer Rountos at the Brookfield High School.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects as this Interrogatory is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

9.  Identify the person(s) to whom YOU reported to at the Brookfield High School and/or Board of Education during the relevant period.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as the term "reported to" is vague. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

10.  Identify the person(s) to whom YOU reported to at the Brookfield Police Department during the relevant time period.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as the term "reported to" is vague. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in**

accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

11. Describe when and how many times that YOU were required to report to the Brookfield Police Department during the relevant time period.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as the term "reported to" is vague. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

12. Identify all communications, whether verbal or written, made or received by you, whether relayed via text messages, social media, emails or otherwise which in any way relate to the allegations in the Complaint.

**OBJECTION: The defendant objects to this Interrogatory as it seeks information overly-broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Interrogatory as he is a defendant in an ongoing criminal proceeding and this Interrogatory seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment of the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

## REQUESTS FOR PRODUCTION

1. Copies of YOUR application to become Student Resource Officer.

**OBJECTION: Without withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as this Request is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

2. Copies of YOUR resume for the relevant period.

**OBJECTION: While withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as the Request is not sufficiently limited in time. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

3. Copies of any documents submitted by or on behalf of YOU in connection with his employment as Student Resource Officer, including but not limited to letters of reference.

**OBJECTION: Without withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as this Request is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

   4.  Copies of all statements made by Jaden Losada to the Danbury Police Department that are in your possession.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Request seeks materials within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

   5.  Copies of all statements made by Mattie Condon to the Danbury Police Department that are in your possession.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Request seeks materials within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

   6.  All police incident reports concerning the complaints made by Mattie Condon and Jaden Losada against YOU.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Request seeks materials within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in**

accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.

       7.      All materials received by YOU in connection with the pending criminal proceeding in Danbury Superior Court, Docket #: D03D-CR22-0194458-S.

**OBJECTION**: **While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

       8.      All documents and materials received by YOU from the Department of Homeland Security.

**OBJECTION**: **While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

       9.      Copies of all statements made by Jaden Lozada to the Brookfield Police Department concerning the subject matter of the Complaint.

**OBJECTION**: **While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Request seeks information within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to**

**the criminal matter.**

      10.     Copies of all statements made by Mattie Condon to the Brookfield Police Department concerning the subject matter of the Complaint.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects insofar as the Request seeks information within plaintiffs' custody, possession, or control and/or which plaintiffs are able to access and/or obtain with substantially greater ease and facility than defendant. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

      11.     A copy of YOUR Brookfield Police Department personnel file.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as this Request is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

      12.     All documents concerning any investigation undertaken by the Brookfield Police Department into YOU.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this request as the term "investigation" is vague. The defendant further objects as this Request is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-**

incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.

13. Any documents regarding internal affairs investigation concerning YOU and/or the subject matter of the Complaint.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant further objects as this Request is more properly directed to the Town of Brookfield and/or the Brookfield Police Department. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

14. A copy of any Federal Search warrants that were served upon your person or that were related to your phone, computer or any other electronic device.

**OBJECTION: While possibly withholding materials, the defendant objects to this Request as it seeks information overly- broad which is irrelevant and immaterial to this case, is in no way rationally related to any allegations in the Complaint, and is not proportional to the needs of this case. The defendant also objects to this Request as he is a defendant in an ongoing criminal proceeding and this Request seeks information and materials that may violate the defendant's rights against self-incrimination under the Fifth Amendment to the Federal Constitution and/or Article I, Section 8 of the Connecticut Constitution and may also be prohibited from disclosure in accordance with the attorney-client privilege and/or attorney work-product in relation to the criminal matter.**

                    DEFENDANT,
                    STEVEN ROUNTOS

By /s/ Kristan M. Jakiela
  Katherine E. Rule
  ct ct27360
  Kristan M. Jakiela
  ct31170
  Howd & Ludorf, LLC
  100 Great Meadow Road, Suite 201
  Wethersfield, CT 06109
  (860) 249-1361
  (860) 249-7665 (fax)
  KRule@hl-law.com
  KJakiela@hl-law.com

## **CERTIFICATION**

  This is to certify that on January 29, 2024, a copy of the foregoing Defendant, Steven Rountos's Objections to Plaintiff's First Set of Interrogatories and Requests for Production Dated November 27, 2024, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Phillip Russell, Esquire
Phillip Russell, LLC
1 River Road
Cos Cob, CT 06807   Beck S. Fineman, Esquire
Ryan, Ryan & Deluca, LLP
1000 Lafayette Boulevard, Suite 800
Bridgeport, CT 06604

Michael J. Rose, Esquire
Megan L. Nielsen, Esquire
Rose Kallor, LLP
750 Main Street, Suite 309
Hartford, CT 06103

Beck S. Fineman, Esquire
Ryan, Ryan & Deluca, LLP
1000 Lafayette Boulevard, Suite 800
Bridgeport, CT 06604

                _/s/ Kristan M. Jakiela_
                 Kristan M. Jakiela